UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

----------------------------------------------------------------X

SILVIO DE VARGAS NUNEZ,

             Plaintiff,

-against-

NASSAU COUNTY PRISON;
RONALD ROGERS, Warden,

             Defendants.

**MEMORANDUM AND ORDER**
06-CV-0399 (ERK)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ OCT 5 2006 ★

BROOKLYN OFFICE

----------------------------------------------------------------X

KORMAN, Ch.J.:

On January 20, 2006, *pro se* plaintiff Silvio De Vargas Nunez filed the instant action against defendants pursuant to 42 U.S.C. § 1983, seeking a refund of money paid as bail on his behalf to Nassau County Prison on September 7, 2001. Compl. ¶ IV. By order dated February 2, 2006, I dismissed the complaint, holding that plaintiff failed to establish that New York State law does not afford an adequate post-deprivation remedy for him to retrieve his bail money. Nunez v. Nassau County Prison, et al. No. 06-CV-0399 (ERK), slip op. at 2-3 (E.D.N.Y. Feb. 2, 2006) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional deprivation of property not actionable under § 1983 if meaningful post-deprivation remedy available under state law)). I noted that New York State law provides a mechanism for recovering bail money and directed plaintiff to avail himself of state procedures. Id.

By mandate dated July 13, 2006, the United States Court of Appeals for the Second Circuit vacated the order and remanded the case, holding:

> A district court should not dismiss a complaint without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. See Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999). Under a liberal reading of the Appellant's complaint, Appellant might state a due process claim based on deprivation of property by established

Nassau County procedures. See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (courts must construe *pro se* pleadings broadly and interpret them "to raise the strongest arguments they suggest") (internal quotations omitted). A plaintiff is entitled to pursue a due process claim under 42 U.S.C. § 1983 when the plaintiff alleges that an "established state procedure" deprives the plaintiff of his property "without according him proper procedural safeguards." See Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982). Only a claim alleging "random and unauthorized conduct" of a state employee, which results in the intentional deprivation of property, requires a plaintiff to show that "a meaningful postdeprivation [state] remedy for the loss [was not] available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). It is not clear from Appellant's complaint whether such conduct is alleged; thus, amendment is necessary.

Nunez v. Nassau County Prison, et al., Mandate No. 06-1121-pr, slip op. at 1-2 (2d Cir. July 13, 2006).

Conclusion

Accordingly, the Clerk of Court is directed to reopen this case, and plaintiff is directed to amend his complaint within sixty (60) days of the date of this Order as set forth above. If plaintiff fails to comply with this Order within the time allowed, the judgment dismissing the complaint shall be reinstated.

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                       s/Edward R. Korman
                                       Edward R. Korman
                                       United States District Judge

Dated:
    Brooklyn, New York
    9/24/06